No. 22-1650

# United States Court of Appeals for the First Circuit

───────────────

**UNITED STATES OF AMERICA**,
*Appellee,*

v.

**HÉCTOR MALDONADO-MALDONADO**,
*Defendant-Appellant.*

───────────────

On Appeal from the United States District Court
for the District of Puerto Rico
D. Ct. No. 21-cr-30-ADC-1
Hon. Aida Delgado-Colón, U.S. District Judge

## MOTION FOR BAIL PENDING APPEAL

TO THE HONORABLE COURT:

    Defendant-Appellant Héctor Maldonado-Maldonado respectfully moves for release pending appeal under 18 U.S.C. § 3143(b)(1) and Federal Rule of Appellate Procedure 9.[1]

---

[1] Citations are to: Appellant's Brief ("AB__"); Government's Brief ("G__"); Reply Brief ("R__").

## Introduction

Héctor Maldonado's continued incarceration presents a grave injustice. This Court has the power to correct it. Nearly four years have passed—almost double the term envisioned in his plea agreement—yet he remains behind bars while the government concedes its breach of the agreement. Both parties agree the breach was prejudicial, necessitating *vacatur*.[2] With no flight risk or danger to the community, continued incarceration deepens a manifest injustice. Release pending appeal is warranted. *See infra* pp. 4–6.

Because the Panel has already heard oral argument and is intimately familiar with the facts and law, judicial economy and the interests of justice favor resolving this motion here rather than referring it to the district court. *See infra* pp. 6–8; *see also infra* p.9 n.3.

Before filing, the undersigned conferred with counsel for the United States. The government's position on our request for release pending appeal is as follows: "The government defers entirely to the discretion of this Court."

---

[2] To clarify: the primary relief sought on appeal is a remand to a different judge with instructions to impose a sentence within the previously agreed-upon range. If the Court deems such a directive unwarranted, then resentencing before another judge becomes the alternative request. *See* R11 (citing *United States v. Kurkculer*, 918 F.2d 295, 302-03 (1st Cir. 1990)). The government seeks resentencing before another district judge.

## Background

Mr. Maldonado pled guilty under a Rule 11(c)(1)(B) plea agreement to assaulting a federal corrections officer, stipulating to application of the "simple assault" guideline under U.S.S.G. § 2A2.4 (base offense level 10), with a final agreed-upon range of 18-24 months. The government promised to recommend a sentence within this range.

At sentencing, however, the prosecutor advocated for a four-level "serious bodily injury" enhancement under U.S.S.G. § 2A2.2(b)(3)(D)—which was not part of the deal—and described the offense as involving strangulation, effectively urging the court to apply the "aggravated assault" guideline. The prosecutor also used language unmistakably associated with upward-variance-seeking advocacy, further undermining the government's promise to recommend a within-guidelines sentence.

Influenced by these improper arguments, the district court imposed a 78-month sentence, more than triple the ceiling of the agreed-to range.

On appeal, the government conceded that the sentencing prosecutor breached by advocating for the four-level enhancement and acknowledged Mr. Maldonado "is entitled to a remand before a different judge." G14-G15.

Despite this concession, Mr. Maldonado remains incarcerated. He's now served roughly three years, nine months, ten days in custody—far beyond the 18–24-month range contemplated by the plea agreement.

## DISCUSSION

**I. Mr. Maldonado Clearly Meets the Standard for Bail Pending Appeal.**

Mr. Maldonado qualifies for release. Under 18 U.S.C. § 3143(b), bail pending appeal requires (1) a substantial question raised, (2) likely resulting in reversal or a reduced sentence, and (3) no risk of flight or danger. Each prong is satisfied here.

**1.** ***The Appeal Raises an Indisputably Substantial Question of Law***. A "substantial question" is one that's "'close' or that very well could have been decided the other way." *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985). This case exceeds "close." The government concedes the prosecutor's breach, G12-G15—an issue at the heart of this appeal—and admits it meets the "super hard to establish" plain-error standard. *United States v. Rivera-Carrasquillo*, 933 F.3d 33, 48 n.14 (1st Cir. 2019). While this Court is not bound by that concession, the record abundantly substantiates the breach. AB28-AB45; R4-R12. The error thus satisfies § 3141(b)'s substantiality prong.

**2.** ***A Favorable Resolution Is Likely to Result in a Lower Sentence***. Section 3143(b)(1)(B)'s "likely to result" language demands only that the claimed error be

"not … harmless or unprejudicial." *Bayko*, 774 F.2d at 522-23. By the same token, plain error's third prong—whether the error affected substantial rights—"is in substance harmless error analysis," *United States v. Morris*, 784 F.3d 870, 874 (1st Cir. 2015) (Souter, J.), meaning the appellant must show prejudice. *See United States v. Olano*, 507 U.S. 725, 735 (1993).

Here, the government admits its breach meets this third prong of plain-error review. *See* G12-G15. Because an error that affects substantial rights by definition means it was not harmless, the government's concession also meets the likelihood prong of § 3143(b)(1)(B). *See Bayko*, 774 F.2d at 522-23. Moreover, the primary relief sought is a remand with instructions to impose a sentence within the agreed-upon range—an outcome that would terminate the litigation and thus constitute a "reversal." *See supra* p. 2 n.2.

Even without a directed-sentence remand, the government's concession practically guarantees resentencing before a different judge, as required when the prosecution breaches a plea agreement. *See Santobello v. New York*, 404 U.S. 257, 263 (1971). Critically, and as the parties agree, Mr. Maldonado's sentence was likely influenced by the prosecutor's breach. A new judge, adhering to the proper terms of the agreement without the taint of prosecutorial breach, would presumably impose a more favorable sentence aligned with the parties' original understanding. *See*

*United States v. Vélez-Carrero*, 771 F.3d 11, 11-12 (1st Cir. 1996) (explaining the accused bargain for "the prestige of the government and its *potential* to influence the district court"). Bottom line: while a Type B plea agreement is not strictly binding on the district court, the conceded breach here meets the "likely to result in a lower sentence" prong under § 3143(b), because, as explained, any non-harmless error—by definition—supports a likelihood of sentence reduction.

      3. ***Mr. Maldonado Poses no Risk of Flight or Danger***. Mr. Maldonado is a lifelong resident of Puerto Rico with significant ties to the community and no history suggesting flight risk or specific danger to the community. Given the government's concession on appeal and the procedural posture of the case, the only proper outcome is *vacatur* and remanding to a different judge—either with instructions to impose a sentence within the agreed-to range or for resentencing. Extending Mr. Maldonado's incarceration pending this seemingly inevitable outcome serves no legitimate purpose and contravenes the principle that release is appropriate when success on appeal is likely to affect the sentence. *See Bayko*, 774 F.2d at 523.

## II.    This Court—Not the District Court—Should Decide this Motion.

      Requests for release pending appeal typically begin in district court. *See* FED. R. APP. P. 9(b). But this requirement isn't jurisdictional. This Court retains discretion under Rule 2 to bypass the district court and decide the motion directly. *United*

*States v. Hochevar*, 214 F.3d 342, 344 (2d Cir. 2000) (per curiam) (citing Fed. R. App. P. 2). Three compelling reasons justify doing so here:

1. ***This Court is Already Familiar with the Case***. The Panel has thoroughly reviewed the briefs and heard oral argument, giving it a firm grasp of the facts and legal issues. This Court is therefore best positioned to assess the likelihood of success on appeal. *See Hochevar*, 214 F.3d at 344 ("[A]fter [a defendant's] appeal ha[s] been fully briefed and argued," the reviewing court is "in a better position than the district court to assess the merits and likely outcome of the appeal."). Requiring a district court (particularly one that is not expected to handle any post-remand proceeding) to revisit issues this Court has already analyzed would be redundant and inefficient. The most logical and just course is for this Court to decide the motion now.

2. ***The Remedy Requires a Different Sentencing Judge, and the Original Sentencer Should Not Rule on Bail***. If the Panel vacates the sentence—as the government concedes it must—any further proceedings would occur before a different district judge. That alone makes the original sentencing court an unsuitable forum for this bail motion.

Further, the original sentencing court, having relied erroneously on external facts that Mr. Maldonado never had a chance to challenge, should not decide bail. As detailed at AB51-AB53, the district judge recalled evidence from a co-defendant's

trial—where neither Mr. Maldonado nor his counsel were present—to justify an enhanced sentence. The court even mischaracterized the assault's duration, contradicting its own trial findings. At the co-defendant's trial, the court found the incident lasted "ten, 15, 20 seconds at the most"; yet, at Appellant's sentencing hearing, it described it as lasting "two or three minutes." This reliance on mistaken, extra-record information—compounded by the prosecutor's breach—could distort the lower court's assessment of dangerousness, flight risk, and the merits. The more neutral and advisable course is for this Court to decide the motion.

3. *Procedural Efficiency and the Interests of Justice Favor Immediate Action*. Requiring Mr. Maldonado to file in district court would cause needless delay. The busy district court would first have to master the appellate record and the government's concessions across multiple filings before even reaching the merits. Such delay serves no purpose.

Time is of the essence. Mr. Maldonado has already served over three years, nine months, far exceeding the high end of the 18–24-month range in the plea agreement. Because resentencing is virtually certain and likely to result in a time-served sentence or a term lower than time already served (*i.e.*, a sentence in the range of 18–

24 months), delay inflicts needless injustice. This Court, best positioned to act quickly, should do so now.[3]

## Conclusion

For the foregoing reasons, Defendant-Appellant Héctor Maldonado respectfully requests that this Court order his release on conditions pending resolution of this appeal and, in the event the Court vacates the judgment and remands for further proceedings, continue such release through any subsequent resentencing.

**Respectfully Submitted** on March 12, 2025.

**Rachel Brill**
Federal Public Defender
District of Puerto Rico

241 F.D. Roosevelt Ave.
San Juan, Puerto Rico 00918-2441
Telephone: (787) 281-4922
Email: Franco_Perez@fd.org

s/**Franco L. Pérez-Redondo***
Assistant Federal Public Defender
Supervisor, Appellate Unit
First Circuit Bar No. 1175955

s/**José David Rodríguez**
Assistant Federal Public Defender
First Circuit Bar No. 1201430

**\*ECF Certification:** I certify that on this date, I electronically filed the present motion with the Clerk of the Court using the CM/ECF system, notifying the parties of record, including counsel for the Appellee.

---

[3] To the extent any district court action is required related to the issue of release pending appeal, the matter should be referred to a new district judge rather than the original sentencer. As *Santobello* recognizes, a prosecutor's breach taints the original court, rendering its further involvement improper. This approach also promotes judicial economy, as the proposed remedy on appeal already contemplates reassignment on remand.

## Certificate of Compliance

**1.** This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) (restricting motions to 5,200 words or less) because it contains **1,666** words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

**2.** This motion complies with the typeface and style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6); it has been prepared in Microsoft Word 365 using a proportionally spaced typeface with a 14-point font.

March 12, 2025

s/**Franco L. Pérez-Redondo**\*
Assistant Federal Public Defender
Supervisor, Appellate Unit
First Circuit Bar No. 1175955